W. L. ODEN ET AL. v. J. D. BELL ET AL.

(Filed 9 May, 1923.)

**Drainage Districts—Statutes—Bonds.**

Proceedings for the establishment of a drainage district, C. S., 5312 *et seq.,* and bonds to be issued therefor, will not be held as defective because further steps were not taken for several years after they had been commenced, the court holding they were still pending, and because of the fact that the engineer and viewers did not file a profile map showing the surface of the ground, bottom grades, etc., at the time of the final report, C. S., 5327, it appearing that this was later done upon order of the board of drainage commissioners, and otherwise the provisions of the statutes had been strictly followed.

APPEAL by M. C. Carr from *Connor, J.,* at April Term, 1923, of BEAUFORT.

Controversy without action, submitted on an agreed statement of facts, to determine the regularity of the proceedings by which Beaufort County Drainage District, No. 11, was established, and to ascertain the validity of certain bonds authorized by the board of drainage commissioners of said district.

From a judgment upholding the establishment of the district and sustaining the validity of the bonds, M. C. Carr excepted and appealed.

*Lindsay C. Warren for appellant.*
*Small, MacLean & Rodman for appellees.*

STACY, J. The proceedings by which the drainage district in question was ultimately established were duly commenced on 28 March, 1919, under Public Laws 1909, ch. 442, as amended, now C. S., 5312 *et seq.* Petition was filed before the clerk, accompanied by the requisite bond and summons duly issued and served.

For various reasons, no further steps were taken in the matter until 6 March, 1922, when a supplemental petition was filed, setting out the above facts in substance, naming additional landowners who had acquired land or become interested since the filing of the original petition, among them M. C. Carr, appellant herein, and at this time the court entered an order adjudging that the proceeding was still pending, and directing that such additional parties as were necessary and proper should be brought in by due process, etc.

On 19 July, 1922, the engineer and viewers theretofore appointed filed their final report, together with a map of the district, but failed to accompany said map with profiles showing the surface of the ground, the bottom or grade of the proposed improvement, and the number of cubic yards of excavation or fill in each mile or fraction thereof, as required by C. S., 5327. This report was accepted as in due form, and notice was given that on 10 August, 1922, a hearing would be held on said report, at which time the court entered an order confirming the report, and directed that an election of drainage commissioners be held, which was done, resulting in the election of the defendants. From this order there was no appeal, as allowed by C. S., 5333. After due organization, on 22 September, 1922, the board gave notice of a bond issue as authorized and required by C. S., 5352.

On 26 March, 1923, the board of drainage commissioners authorized and directed the engineer and viewers to prepare and file with their final report the profiles as required by C. S., 5327, and this was approved by order of court.

Upon the foregoing facts appellant contends that the drainage district has not been legally established, and that the drainage commissioners

have no authority to issue the bonds in question. His Honor below was of the opinion, and so held, that the drainage district had been duly established, and that the board of drainage commissioners was fully authorized to proceed with its duties, including the delivery of the bonds in question, which have already been sold. We approve of this judgment. *In re D̶rainage District,* 175 N. C., 270, and cases there cited. After a careful examination of the record, no exception has been discovered which we apprehend should be held for reversible error, and hence the judgment will be affirmed in its entirety.

Affirmed.